IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-529-MOC-DCK

| CHRISTOPHER W. SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) | |
| ALLY FINANCIAL, INC., | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Entry Of Consent Protective Order" (Document No. 30) filed December 10, 2024. Having carefully considered the motion and the record, and noting Plaintiff's consent, the undersigned will grant the motion and enter the parties' proposed order as follows.

**IT IS HEREBY ORDERED that**:

1. General Scope of the Order. This Consent Protective Order ("Order") shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof ("Discovery Material") as to which protection is sought in accordance with this Order.

2. <u>Confidential Information</u>.  For the purpose of this Order, "private," "confidential," and "proprietary" material refers to information that qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. <u>Designations</u>.  If, in the course of discovery or other proceedings in this action, any party to this action, or any third party discloses Discovery Material the party has a good faith basis to conclude is private, confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential."  Discovery Material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Order.  A producing party may also designate Confidential Material for "Attorneys' Eyes Only" or "Attorneys' Possession Only," where appropriate.

4. <u>Procedure for Designating Information as Confidential</u>.  Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," "Attorneys' Eyes Only," and/or "Attorneys' Possession Only," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Order.  Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.  Parties may designate Confidential Materials in the following manner:

    a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential," "Attorneys' Eyes Only," or "Attorneys' Possession Only," by stamp or other method which will make the designation conspicuous;

b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential," "Attorneys' Eyes Only," and/or "Attorneys' Possession Only," adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential," "Attorneys' Eyes Only," and/or "Attorneys' Possession Only";

c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential. Deposition transcripts shall be treated as confidential during the first 15 calendar days following the first date of delivery of the transcript to any party to allow all parties to make or clarify confidentiality designations. The failure to designate any portion of a transcript as confidential during this 15-day period shall not prejudice the right of a party to make additional good-faith designations at a later time.

5. <u>Restricted Use of Information</u>.

a) Discovery Material designated as "Confidential" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

3

a. the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

b. counsel for the parties, their staff members, their professional and para-professional employees;

c. any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

d. the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

e. by mutual consent.

b) Discovery Material designated "Attorneys' Eyes Only," may be disclosed only to attorneys of the parties who are directly involved in the litigation. Discovery Material designated as "Attorneys' Possession Only" may be disclosed to attorneys of the parties who are directly involved in the Litigation, as well as those individuals set forth in Paragraph 4(a), and may be viewed or inspected by the parties themselves. Discovery Material designated as "Attorneys' Possession Only," or any copies or reproductions thereof, shall not, however, at any time leave the possession of the attorney to whom the material was disclosed. Nor may any compilation of the information ascertained from the material be retained or held within the possession of anyone aside from the attorney to whom the material was disclosed.

c) Documents produced pursuant to this Order shall be provided only to those persons who are a party, witness, counsel, consultant, staff person or court personnel in

4

this action. Specifically, the use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

6. <u>Acknowledgment of Agreement</u>. All persons to whom Confidential Material is disclosed pursuant to this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

7. <u>Inadvertent Disclosure</u>. The inadvertent or unintentional disclosure of Confidential Material shall not be construed as a waiver of the designating party's claim of confidentiality as to the specific information disclosed or as to any other information. This Order is entered pursuant to Federal Rule of Evidence 502(d). Subject to the provisions of this Order, in the event a party inadvertently produces or discloses materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential," "Attorneys' Eyes Only," and/or "Attorneys' Possession Only," by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential," "Attorneys' Eyes Only," and/or "Attorneys' Possession Only," as appropriate, when they were first produced. The receiving party shall promptly return the disclosed information

5

Case 3:24-cv-00529-MOC-DCK    Document 31    Filed 12/11/24    Page 5 of 8

and make no further use of it or any copies of or summaries created therefrom, even if the receiving party disputes the claim of privilege or immunity.

8. <u>Use of Confidential Materials in this Case</u>.  Nothing in this Order shall prevent or impair the use by a party of Confidential Material in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as the confidentiality of such information is protected as provided herein.  To the extent any Confidential Material is filed with the Court, counsel filing the Confidential Material shall file it under seal in accordance with Local Rule 6.1 and applicable law.  The ultimate disposition of protected materials is subject to a final order of the Court upon the completion of litigation.

9. <u>Challenging Confidentiality.</u>  Acceptance by a party of any information, document or thing identified as "Confidential," "Attorneys' Eyes Only," and/or "Attorneys' Possession Only," pursuant to this Order shall not constitute a concession that the information, document or thing is Confidential Material.  Counsel for the parties shall serve written notice of any objections to specific designations upon the other party at any time consistent with the Court's Pretrial Order and Case Management Plan.  Unless a prompt challenge to a designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its rights to challenge a designation by failure to promptly challenge a designation.  Upon notice, counsel shall first attempt to resolve any disputes of confidentiality between themselves.  If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections.  No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

10. <u>Right to Object.</u>  Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds.  Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown.  All parties retain the right to apply to the Court for an order affording additional protection to Confidential Material as the circumstances may warrant.  Nothing contained herein shall prevent a party from seeking modification to this Order.

11. <u>Disclosure.</u>

    a)    Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

    b)    Nothing in this Order shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

12. <u>Return of Confidential Material.</u>  All Confidential Material shall be returned to the producing party within ninety (90) days of the conclusion of this civil lawsuit, including any appeals.  However, the parties, at their election, may destroy the Confidential Material and provide written confirmation to the opposing party that the Confidential Material has been destroyed.

13. <u>Modification of the Order.</u>  This Order may be amended by written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. In the event of

further proceedings in this action, if any of the parties hereto believe that this Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Order.

14. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms of this Order as the Confidential Material from which such copies, extracts or summaries were prepared, if properly designated.

15. <u>Effective Date.</u> This Order shall be effective immediately upon entry and shall survive the conclusion of this action.

**SO ORDERED**.

Signed: December 11, 2024

_____
David C. Keesler
United States Magistrate Judge